IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| In The Matter of | No.: 14-23804 |
| PHYSICIANS COMMUNITY MEDICAL CENTER, S.C., | Judge: Eugene Wedoff |
| Debtor(s) | Hearing Date:   8/27/14 |

## NOTICE OF MOTION

TO:
United States Trustee Patrick S. Layng - via ECF
Paul M. Bach, Esq., Sulaiman Law Group, Ltd. 900 Jorie Boulevard Suite 150 Oak Brook, Illinois 60523 - via ECF
Physicians Community Medical Center, S.C., 5320 W. 159th Street, Suite 400, Oak Forest, IL 60452 - via hand delivery

On August 27, 2014, at 10:00 A.M., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Wedoff or any judge sitting in his stead, in the courtroom usually occupied by him, Courtroom 744, at Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois 60604, and then and there present the attached Motion.

/s Edmund G. Urban III
Edmund G. Urban III
Attorney for Debtor(s)

## CERTIFICATE OF SERVICE

I, Patrick Shifley, under penalty of perjury certify that I served this notice by electronic filing to Patrick S. Layng and mailing a copy to all other parties listed above and entitled to notice, at the address listed above by depositing the same in the U.S. mail at 5320 W. 159th Street, Oak Forest, IL 60452 before 4:00 P.M., on August 22, 2013,  with proper postage prepaid or via hand delivery as noted in the above service list.

/s/ Patrick Shifley

EDMUND G. URBAN III of
URBAN & BURT, LTD.
Attorney for Landlord/Creditor
5320 W. 159th Street, Suite 501
Oak Forest, Illinois 60452
708-687-5200
\\uba.urbanburt.com\wp\iii\urban.pcm-bk.14\motions-orders\urban.pcm-bk.14-mor-004.wpd

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| In The Matter of | No.: 14-23804 |
| PHYSICIANS COMMUNITY MEDICAL CENTER, S.C., | Judge: Eugene Wedoff |
| Debtor(s) | Hearing Date: 8/27/14 |

**MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM**

Now come Edmund G. Urban and Edmund G. Urban III as co-trustees of the Revocable Living Trust of Edmund G. Urban and Camille P. Altay and Erol M. Altay as co-trustees of the Revocable Living Trust Number 3 of Camille P. Altay and Edmund G. Urban and Edmund G. Urban III Co-Trustees The Revocable Living Trust of Edmund G. Urban (collectively hereinafter referred to as "the Trusts"), Landlord and Creditor, by Urban & Burt, Ltd., its attorneys, and moves this Honorable Court for entry of an Order pursuant to §365 for the allowance and payment of an administrative claim, and in support thereof respectfully represents as follows:

1. The Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on June 26, 2014.

2. The Landlord and Creditor, the Trusts, now seeks an order for Units 100, 101, 401 and 405 in the building commonly referred to as 5320 West 159th Street in Oak Forest, Illinois 60452 (hereinafter "the Premises").

3. The Trusts and the Debtor entered into a commercial leases for business office space. Some of these leases are unexpired and some are holdover leases now on a month-to-month basis. The Debtor is occupying all unit mentioned above.

4. The Debtor is not paying rent on these lease obligations. These are post-petition obligations.

5. Chapter 11 debtors-in-possession are required to timely perform all obligations under an unexpired commercial real property lease until the lease is assumed or rejected, including the payment of rent due after the filing of the case. 11 U.S.C. § 365(d)(3). This provision should be given a strict, literal interpretation. *See HA-LO Industries, Inc. v.*

2

*CenterPoint Properties Trust*, 342 F.3d 794 (7th Cir. 2003) (construing the companion provision pertaining to real property leases codified at Section 365(d)(3)). The obligations that must be performed are determined by reference to the underlying lease. *Id.*

6. It is the Debtor's obligation under the lease to pay rent and this obligation was mandatory by operation of Section 365(d)(3). As such, this rent is entitled to administrative priority under Section 503(b). *See In re Midway Airlines Corp.*, 406 F.3d 229, 238 (4th Cir. 2005) (lessor may recover amount representing" all of the obligations" under the lease). The claim is entitled to administrative priority without the need to show benefit to the estate. *Id.* In this way, the specific requirements of Sections 365(d)(3) and (d)(5) override the more general purpose of Section 503(b)(1)(A). *See In re UAL Corp.*, 291 B.R. 121 (Bankr. N.D. Ill. 2003).

**WHEREFORE**, the Landlords and Creditors, the Trusts, prays that this Honorable Court enter an Order pursuant to §§ 365(d) and 503(b) for the allowance and payment of the administrative expense claim for post-petition rent due, and for such other and further relief as this Court may deem just and equitable.

    Respectfully submitted,
    /s Edmund G. Urban III
    Edmund G. Urban III
    Attorney for the Movant

EDMUND G. URBAN III of
URBAN & BURT, LTD.
Attorney for Landlord/Creditor
5320 W. 159th Street, Suite 501
Oak Forest, Illinois 60452
708-687-5200
\\uba.urbanburt.com\wp\iii\urban.pcm-bk.14\motions-orders\urban.pcm-bk.14-mor-004.wpd